Where a bank is the holder of a security deed which provides that the grantor shall keep the premises insured against loss by fire and other hazards, and upon failure so to do the insurance may be paid or provided for by the grantee or assigns and added to and become a part of the principal debt, and further provides that the security deed is to cover all other indebtedness of the grantor to the grantee or assigns, and where, after the security deed is transferred to the bank, it discounts five promissory notes in the total sum of $9000, given by the grantor in the security deed to an insurance agent for insurance on property described in the security deed, and where these notes are discounted with the bank more than four months before the grantor is adjudicated a bankrupt, though the five notes are subsequently renewed into one note for $9000 within four months of the date of adjudication in bankruptcy — such a transaction, under the facts in the instant case, does not become a voidable preference under the Bankruptcy Act. 11 U.S.C.A., § 96. Chattanooga National Bank v. Rome Iron Co., 4 Am. B. R. 441 (102 Fed. 755); Blue v. Herkimer National Bank, 15 Am. B. R. (N.S.) 538 (37 F.2d 663); Doggett v. Chelsea Trust Co., 27 Am. B. R. (N.S.) 578 (73 F.2d 614).
Judgment affirmed. All the Justices concur.
 No. 15588. OCTOBER 8, 1946.
K. L. Transportation Company became involved in debt. On April 5, 1944, it executed a combination bill of sale and deed to secure debt to Moore Inc., which on the same day transferred and assigned the same to The Fulton National Bank. Moore Inc. and the bank, alleging the debt to be due and unpaid, filed a petition in the superior court praying in part for a receiver, that prior lienholders be made parties and required to assert their rights, and for a judgment in the amount of their claim. This petition was filed on October 25, 1945, and a receiver was that day appointed. On *Page 342 
the following day K. L. Transportation Company was adjudicated a voluntary bankrupt, and Paul E. Johnson was appointed trustee.
On the hearing before the judge of the superior court, various lienholders appeared and asserted their liens. A judgment was rendered determining various issues between the parties and the intervenors. There was an issue between Moore Inc. and the bank, on one side, and Paul E. Johnson, as trustee in Bankruptcy, as to the right of Moore Inc. and the bank to increase their claim under the bill of sale and deed to secure debt by adding thereto $9000 plus interest thereon, which was alleged to be due it as insurance premiums advanced and covered under the terms of the bill of sale and deed to secure debt. In the judgment of $87,444.28 awarded to Moore Inc. and the bank, it is stated that this amount included the $9000 and interest concerning which there had been an issue between them and Paul E. Johnson as trustee in Bankruptcy.
To this judgment allowing the $9000 to be so added, exceptions pendente lite were filed, and error is assigned thereon, which is the sole question presented in the bill of exceptions.
Upon this issue the following stipulation was made: "The bill of sale and deed to secure debt, which is set up as an exhibit to the petition, contains on page 4 thereof the covenant by the party of the first part, that is, K. L. Transportation Company Inc., to keep the premises conveyed as security insured in some insurance company acceptable to the party of the second part against loss by fire and other hazards, casualties, and contingencies. The said bill of sale then provides that, if the party of the first part fails to pay any such insurance premium or to provide for such insurance, `The same may be paid or provided for by the party of the second part, and any sums so paid out by said party of the second part shall be added to and become a part of the principal debt hereof.' On April 24, 1945, the K. L. Transportation Company had not paid certain insurance premiums covering its casualty and liability insurance, although the same were on that date payable and in default. In order to finance and provide for the payment of such premiums, and by prearrangement, on April 24, 1945, the K. L. Transportation Company executed four notes for $2000 each and one note for $1000, each note being payable to Moore-Fletcher Inc., the agent handling such insurance, this being the amount due in payment for such premiums. Concurrently these notes were endorsed *Page 343 
by Moore-Fletcher Inc. and by Moore Inc. and delivered to The Fulton National Bank of Atlanta, and concurrently The Fulton National Bank of Atlanta credited the account of Moore-Fletcher Inc. in said bank with $9000 in payment for such insurance premiums. On September 5, 1945, these notes were consolidated into one $9000 demand note, signed by K. L. Transportation Company, payable to Moore-Fletcher Inc. and endorsed by Moore-Fletcher Inc. and by Moore Inc., which note was accepted by The Fulton National Bank of Atlanta in substitution for the five notes above described, and this $9000 note was unpaid on the date of bankruptcy. Reference is also made in this stipulation to that portion of the bill of sale and deed to secure debt set up as an exhibit to the petition, reciting that the same is given to secure not only the indebtedness therein specifically described, but any and all other indebtedness of the grantor to the grantee, its successors and assigns, which provision of said instrument will speak for itself as to its specific terms."
The written conveyance also provided that it was made to secure "any other sums of money which shall hereafter become due and owing by party of the first part (K. L. Transportation Company) to party of the second part (Moore Incorporated) and to secure any and all renewals of any obligation of party of the first part to party of the second part," and further provided that the words, "party of the second part," should include the assignees of the party of the second part.
Also a vice-president of the bank testified in reference to the $9000 that: "On April 24, 1945, when the K. L. Transportation Company had not paid the insurance premiums, . . an officer of the K. L. Transportation Company, together with a representative of Moore-Fletcher Inc. and of Moore Incorporated came to the bank, and at their request the premiums were financed or provided for in the manner dealt with in the stipulation, in accordance with the request of the parties just mentioned and as a concurrent transaction."
The trustee insists that the bank was not entitled to add the $9000 to their secured debt, and that the attempt to do so was an effort to effect a voidable preference under section 60 a and b of the Bankruptcy Act of 1938. 11 U.S.C.A., § 96.